IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN ALEXANDER COSMETICS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:04cv975 |
| L'OREAL USA, INC., and Redken 5th Avenue, N.Y.C. LLC, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration and disposition are Defendants' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) (*Document No. 2*), with brief in support (*Document No. 3*) ("Motion" and "Brief," respectively), PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS (*sic*) MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) (*Document No. 9*) ("Response"), and Defendants' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) (*Document No. 11*) ("Reply").  Also before the Court are Defendants' MOTION TO STRIKE DECLARATION OF JAMES CIRILANO UNDER F.R.C.P. 12(f) (*Document No. 13*) ("Motion to Strike") and PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS (*sic*) MOTION TO STRIKE DECLARATION OF JAMES CIRILANO UNDER F.R.C.P. 12(f) (*Document No. 16*) ("Opposition Brief").

### Background

Plaintiff Jean Alexander Cosmetics ("Plaintiff") is a manufacturer and distributor of hair care products.  Complaint at ¶ 7.  Defendants L'Oreal USA, Inc. and Redken 5th Avenue, N.Y.C. LLC (collectively "L'Oreal") are related business entities which sell, *inter alia*, hair care products.[1]  *Id*. at ¶ 10-12.  Plaintiff is the owner of the trademark "EQ System," which is used to

---

[1]  Cosmair, Inc., which was L'Oreal's predecessor, was the entity which sought to register the "Shades EQ and Design" trademark in 1996.  *See* Brief at unnumbered 1.  Cosmair,

identify its hair care products. *Id*. at ¶ 7. The "EQ System" trademark was registered on August 31, 1993 on the Principal Register of the United States Patent and Trademark Office. *Id*. at ¶ 9. Defendants utilize the marks "Shades EQ" and "Shades EQ and Design" in the manufacture and distribution of their own hair care products. *Id*. at ¶ 10.

In 1996, L'Oreal attempted to register the "Shades EQ and Design" mark with the U.S. Patent and Trademark Office. Brief at unnumbered 1. The registration was refused based on the Examining Attorney's belief that there would be a likelihood of confusion with Plaintiff's "EQ System" mark. *Id*. L'Oreal then commenced a cancellation proceeding before the Trademark Trial and Appeal Board ("TTAB") to have Plaintiff's "EQ System" mark cancelled. *See* Declaration of Robert L. Sherman ("Declaration"), exh. B. The petition to cancel was ultimately denied by the TTAB, and Plaintiff's "EQ System" mark retained its status as a registered mark. Declaration, exh. D at *9. In its opinion, the TTAB determined that L'Oreal had not established the priority of its mark. Declaration, exh. D at *3-4.[2] The TTAB also addressed the second element at issue in the cancellation proceeding, *i.e.*, whether there was a likelihood of confusion between the parties' marks:

> After considering all of the evidence, we come to the conclusion that there is no likelihood of confusion between respondent's mark and petitioner's original and modernized marks. We have carefully considered the fact that at least some of the goods of petitioner and respondent overlap and the fact that petitioner has extensively advertised and promoted its mark. However, there are significant differences between the marks, and, when applied to hair care products, the marks are not unique or arbitrary. In addition, there has been a long period of simultaneous use without actual confusion. Furthermore, the testimony of the

---

Inc. changed its name to L'Oreal USA, Inc. in 2000. *Id*. at 3 n.4. For the sake of simplicity, the Court will refer to both entities, as well as defendant Redken 5th Avenue, N.Y.C., LLC, as "L'Oreal."

[2] The priority of *two* marks utilized by L'Oreal were actually at issue in the cancellation proceeding. L'Oreal did, in fact, establish the priority of the "SHADES EQ" mark that it had first used in 1988 and later modified or "modernized." However the TTAB found that the first mark was not the same as the second or "modernized" mark, and therefore L'Oreal could not "tack" its earlier use of the first mark onto its second mark to establish priority over Plaintiff's "EQ System" mark. Declaration, exh. D at *2-4.

> parties' witnesses indicates that confusion, at best, might be possible, but hardly likely. Weighing all of the relevant duPont factors, we conclude that there is no likelihood of confusion.

*Id.* at *7.[3]

The U.S. Patent and Trademark Office withdrew the refusal to register L'Oreal's mark, and L'Oreal's application to register its "Shades EQ and Design" mark was published in accordance with the procedures of the Trademark Office. Brief at unnumbered 1-2. On May 13, 2003, Plaintiff commenced an opposition proceeding before the TTAB in which it opposed the registration of L'Oreal's mark. *See* Declaration, exh. A at unnumbered 1. Plaintiff contended that there was a likelihood of confusion between its "EQ System" mark and L'Oreal's "Shades EQ and Design" mark. *Id*. The TTAB concluded that its earlier finding in the cancellation proceeding that there was no likelihood of confusion between the parties' marks was entitled to preclusive effect, and that Plaintiff's opposition proceeding was barred by the doctrine of collateral estoppel. *Id*. at 15-16.

On June 30, 2004 Plaintiff filed a Complaint in this Court which alleges trademark infringement pursuant to federal trademark law, 15 U.S.C. §§ 1051 *et seq*. (Count I), false designation of origin and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count II), and common law trademark infringement (Count III). Plaintiff contends in this action that there is a likelihood of confusion between its "EQ System" mark and L'Oreal's "SHADES EQ and Design" mark. *See* Complaint at ¶¶ 15, 24, 32.

Standard of Review

When deciding a motion filed pursuant to Federal Rules of Civil Procedure 12(b)(6), the Court must view all the facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-movant. *General Motors Corp. v. New A.C. Chevrolet, Inc.,* 263 F.3d 296,

---

[3] The TTAB's opinion in the cancellation proceeding was handed down on November 9, 2001.

325 (3d Cir. 2001). Dismissal is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir. 1993).

When deciding a motion to dismiss a court generally considers only the allegations in the Complaint, but may consider exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim without converting said motion into a motion for summary judgment. *See Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir. 2004).

## Discussion

Defendants contend that each count of Plaintiff's Complaint is barred by the doctrine of collateral estoppel.[4] Brief at 6. The doctrine of collateral estoppel "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). The United States Court of Appeals for the Third Circuit has provided the following guidance on the application of collateral estoppel:

> In order for the doctrine to apply, (1) the issue decided in the prior adjudication must be identical to the one presented in the later action, (2) there must be a final judgment on the merits and (3) the party against whom the doctrine is asserted must have been a party or in privity with a party to the prior adjudication and have

---

[4] There is no need to separately discuss whether each of Plaintiff's claims is barred by collateral estoppel. The common element of each of Plaintiff's claims is whether there is a likelihood of confusion between the two marks. *See Fisons Horticulture, Inc. v. Vigoro Industries, Inc.*, 30 F.3d 466, 472-73 (3d Cir. 1994) (Likelihood of confusion is an element of a claim for infringement of a federally registered trademark, and "is also the test for actions brought under section 43(a) of the Lanham Act ... for unfair competition"); *American Tel. and Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1443 (3d Cir. 1994) (likelihood of confusion test governs false designation of origin claims under the Lanham Act); *Standard Terry Mills, Inc. v. Shen Mfg. Co.*, 803 F.2d 778, 780 n.4 (3d Cir. 1986) ("except for the element of interstate commerce required to support a claim under the Lanham Act, [federal and Pennsylvania common law trademark infringement claims] are sufficiently similar to permit us to restrict our discussion to the federal claim alone.").

had a full and fair opportunity to litigate the issue in question in the prior action. *Seborowski v. Pittsburgh Press Co.*, 188 F.3d 163, 169 (3d Cir. 1999) (citation omitted).

It is clear to the Court that each element of collateral estoppel is present in this action. First, the TTAB determined in the cancellation proceeding that there was no likelihood of confusion between the two marks. *See* Declaration, exh. D at *7. Second, the decision of the TTAB is clearly a final judgment on the merits.[5] Third, the parties to the cancellation proceeding and the instant action are the same. Finally, it is also clear to the Court that Plaintiff had a full and fair opportunity to litigate the issue of likelihood of confusion in the cancellation proceeding. Therefore, the Court finds that litigation of the claims alleged in Plaintiff's Complaint is barred by collateral estoppel.

Plaintiff contends that the TTAB's finding of no likelihood of confusion is dicta and/or an advisory opinion. Response at 5-7. Specifically, Plaintiff contends that because the TTAB resolved the issue of priority in its favor, it was unnecessary for the TTAB to also resolve the issue of likelihood of confusion. *See id.* The Court observes that Plaintiff made the same basic argument to the TTAB in the opposition proceeding, *i.e.*, that its earlier opinion was dicta and/or an advisory opinion as to the likelihood of confusion. Declaration, exh. A at *11. The TTAB thoroughly discussed the issue and disagreed with Plaintiff's contention. *See id.* at *11-16.

The Court agrees with the reasoning of and result reached by the TTAB on the issue of whether the earlier finding was dicta and/or an advisory opinion. As stated by the TTAB in the opposition proceeding, "[t]his is not a case where the Board made incidental determinations on an issue which was not before it. The issue of likelihood of confusion was the focus of the parties' pleadings and was fully litigated before the Board." *Id.* at 15. In fact, the opinion of the TTAB in the cancellation proceeding reflects the tribunal's diligent effort to thoroughly address all issues properly before it for resolution. Accordingly, the Court will dismiss this action on the

---

[5] There is no argument or evidence that the TTAB's decision in the cancellation proceeding has been overturned, appealed, or is otherwise not a final judgment. *See* Brief at 9.

basis that the claims alleged in Plaintiff's Complaint are barred by the doctrine of collateral estoppel.

Finally, Defendants' Motion to Strike will be denied summarily. The Declaration of James Cirilano was obviously filed in support of Attorney Cirilano's Response, and it includes the Brief in Opposition to Cancellation filed by Plaintiff in the cancellation proceeding. The Brief in Opposition to Cancellation is relevant to the Motion to Dismiss, and as a public record may be, and has been, considered by the Court. Accordingly, the Motion to Strike is without merit.

## Conclusion

For the reasons hereinabove set forth, the Court finds and rules that Plaintiff's claims are barred by the doctrine of collateral estoppel. Therefore, the Motion to Dismiss will be granted and this action will be dismissed. Defendants' Motion to Strike lacks merit and will be denied.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN ALEXANDER COSMETICS, INC., | ) |
| Plaintiff, | ) |
| v. | ) 2:04cv975 |
| L'OREAL USA, INC., and Redken 5th Avenue, N.Y.C. LLC, | ) |
| Defendants. | ) |

## ORDER OF COURT

AND NOW, this 22nd day of August, 2005, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED and DECREED as follows:

1) Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (*Document No. 2*) is GRANTED and this action is DISMISSED WITH PREJUDICE;

2) Defendants' Motion to Strike Declaration of James Cirilano Under F.R.C.P. 12(f) (*Document No. 13*) is DENIED; and

4) The clerk shall mark this case as closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: James Cirilano, Esquire
722 Broadway Avenue
McKees Rocks, PA 15136

Samuel W. Braver, Esquire
Email: braversw@bipc.com

Michael L. Dever, Esquire
Email: deverml@bipc.com

Robert L. Sherman, Esquire
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022